UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-62 |
| | ) | |
| BRYAN O. CORNIELIUS, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Cornielius' Motion for Substitution of Counsel [Doc. 11], filed on May 20, 2011. The Defendant asks that the Court appoint Attorney A. Philip Lomonaco to represent him in this case, in lieu of appointed Attorney Theodore Kern. He contends that he was previously arraigned in state court on charges stemming from the same incident that forms the basis of the Indictment [Doc. 1] in this case. He asserts that Mr. Lomonaco represents him on his state charges and has already received much of the information that will constitute the discovery in this case. Mr. Kern contacted Mr. Lomonaco who stated that he is willing to accept appointment in the instant case. The Defendant also argues that due to the short time before the July 5, 2011 trial date, he would be better represented by an attorney who is already familiar with the facts of the case.

By way of background, the Court observes that the Defendant appeared for an initial appearance and arraignment on May 19, 2011. At that time, the Defendant requested the

1

appointment of Mr. Lomonaco, but Mr. Lomonaco was not present and the Court appointed Mr. Kern. On May 27, 2011, the Court held a telephone conference with Mr. Lomonaco, Mr. Kern, and Assistant United States Attorney Zachary C. Bolitho. Mr. Lomonaco confirmed that he was willing to accept an appointment in this case. He stated that he is currently representing the Defendant on state charges arising out of the same incident as the Defendant's instant federal charge. Mr. Lomonaco stated that the Defendant was comfortable with him and that he had reviewed much of the information that would likely constitute the discovery in this case. Mr. Kern had no objection to the substitution. He stated that he had spoken with the Defendant the day before and that the Defendant still wanted Mr. Lomonaco to represent him. AUSA Bolitho also had no objection to the substitution of counsel. Mr. Kern stated that he did not have any discovery to turn over to Mr. Lomonaco, but he and AUSA Bolitho stated that the discovery was at the U.S. Attorney's Office and ready to be collected or delivered.

The Court begins by observing that the Supreme Court has firmly established that the Sixth Amendment does not entitle a defendant to counsel with whom he shares a good rapport or to a "meaningful relationship" with his attorney. Morris v. Slappy, 461 U.S. 1, 13-14 (1983). A defendant's right "to court appointed counsel does not carry with it the right to select a particular attorney." United States v. White, 451 F.2d 1225, 1226 (6th Cir. 1971). Instead, a defendant seeking to substitute appointed counsel for another appointed attorney must show good cause for the requested substitution. Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985); United States v. Davis, 365 F.2d 251, 254 (6th Cir. 1966). Moreover, a defendant is not permitted to use a request for new counsel as a means to delay the proceedings. See White, 451 F.2d at 1226.

The Court finds this case to be the rare and exceptional circumstance in which a defendant can show good cause for the substitution of a particular attorney. Here, Attorney Lomonaco is currently representing the Defendant on state charges that arise out of the same incident that forms the basis of the Defendant's federal charge. That state representation is ongoing, and as a result, Mr. Lomonaco has already reviewed much of the information that is relevant to the defense of this case. Moreover, the substitution of Mr. Lomonaco will not serve to delay the case but, instead, will facilitate its completion in the short time frame available. Accordingly, the Court finds that good cause exists to substitute Mr. Lomonaco for Mr. Kern. The Defendant's Motion for Substitution of Counsel [**Doc.11**] is **GRANTED** under these unusual circumstances. Mr. Kern is relieved of his representation of the Defendant. Attorney A. Philip Lomonaco is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant Cornielius under the Criminal Justice Act. 18 U.S.C. § 3006A.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge